2004 WL 2504211
Only the Westlaw citation is currently available.
United States District Court,
W.D. Wisconsin.

Keifvin MALONE, Plaintiff,
v.
John CLARK, Defendant.

No. 04–C–229–C.
|
Oct. 26, 2004.

**Attorneys and Law Firms**

Keifvin Malone, for Plaintiff.

Charles D. Hoornstra, Assistant Attorney General, Madison, WI, for Defendant.

## OPINION AND ORDER

CRABB, J.

*1 This is a proposed civil action for monetary and injunctive relief, brought under 42 U.S.C. § 1983. Plaintiff, who is presently confined at the Stanley Correctional Institution in Stanley, Wisconsin, contends that on November 4, 2003, defendant violated his rights under the First Amendment by issuing him a conduct report in retaliation for his having written a letter complaining about prison conditions.

Now before the court is defendant Clark's motion to dismiss for plaintiff's failure to exhaust his administrative remedies. In deciding defendant's motion, I have considered documents defendant submitted relating to plaintiff's efforts to exhaust his remedies within the Department of Corrections inmate complaint review system. These documents have been authenticated by John Ray, the custodian of the business records of the Department of Corrections. Plaintiff did not obtain a stipulation from defendant that the inmate complaint documents he submitted with his original complaint are authentic copies of the originals. However, this failure does not affect the decision on exhaustion of administrative remedies. Because documentation of a prisoner's use of the inmate complaint review system is a matter of public record, a court may take judicial notice of the documents without converting the motion to dismiss into a motion for summary judgment. *See Menominee Indian Tribe of Wisconsin v. Thompson,* 161 F.3d 449, 455 (7th Cir.1998) (citing *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080–81 (7th Cir.1997)). After reviewing the documentation of plaintiff's exhaustion efforts, I conclude that plaintiff has failed to exhaust his available administrative remedies with regard to the November 4, 2003 conduct report, and I will grant defendant's motion to dismiss. From the parties' submissions and the record, I find the following material facts.

## FACTS

Plaintiff Keifvin Malone is an inmate of the Wisconsin state prison system. On June 18, 2003, plaintiff was an inmate at the Gordon Correctional Center in Gordon, Wisconsin. At all relevant times, defendant John Clark was the acting superintendent at the Gordon facility.

On October 10, 2003, plaintiff wrote a letter regarding his general "fear of retaliation" to a sector chief at a corrections facility in Oregon. Plaintiff followed up with a similar letter directed to Mickey Thompson, the warden at the Oregon facility. Plaintiff indicated in his letter to Thompson that he was interested in contacting the appropriate reviewing body about "issues ... of a sensitive nature ... best handled outside of this facility." On October 26, 2003, Warden Thompson sent plaintiff a letter advising him to use the facility inmate complaint procedures.

As directed, plaintiff filed an inmate complaint on October 28, 2003. The next day, plaintiff was transferred to temporary lock-up in the Douglas County jail. On November 4, 2003, defendant Clark visited plaintiff at the jail to discuss the letter plaintiff had sent to Warden Thompson. Defendant asked plaintiff, "Why didn't you contact me regarding your issues, why did you go over my head?" Plaintiff told Clark that he wanted others to know about the racially discriminatory environment at the Gordon facility.

*2 Soon after this meeting, defendant Clark wrote a conduct report, accusing plaintiff of violating rules on lying, lying about staff, and group resistance and petitions. As a result of this conduct report, plaintiff was given a

higher security classification and was transferred to the Stanley Correctional Institution.

## ADMINISTRATIVE EXHAUSTION

On January 20, 2004, plaintiff submitted offender complaint no. SCI–2004–2576 to an inmate complaint examiner at the Stanley Correctional Institution, in which he stated:

> This complaint is an appeal with regard to procedural errors as directed by 310.08(3) and 303.76(7)(d) Wis. Admin. Code Sec. Doc. On or about 12–5–03 I had a major disciplinary hearing. Prior to the hearing it was told to me by Sgt. Aronson of Gordon Correctional Center that he was to be my advocate for the hearing. On the hearing day (12–5–03) Sgt Sperling of Gordon Correctional Center showed up. I never had the opportunity to consult with this advocate prior to the hearing. Similarly, I never had help in the presentation of my defense, gathering evidence and testimony. This is a violation of DOC 303.78(2).
>
> I am requesting to have the decision of the hearing officer reversed. A new hearing will not serve a purpose in that I am out of segregation.

Three days later, on January 23, 2004, plaintiff submitted offender complaint no. SCI–2004–3222, stating:

> This complaint is an appeal regarding errors that happened during the disciplinary hearing as mandated by DOC 303.76(7), and 310.08(3). On or about 10–29–03 I was placed in TLU. On 11–4–03 I was given a conduct report because of a letter/grievance written to Warden Thompson. At the time, this conduct report was taken against me is contrary to Administrative Directive 11.6 regarding Inmate complaints about staff misconduct. I was never allowed to pursue my initial complaint to Warden Thompson as directed by 11.6 but instead was given a conduct report. I am requesting that this conduct report be reversed and allow me to pursue my complaint as called for by the procedure outlines in Administrative Directive 11.6.

The inmate complaint examiner rejected offender complaint no. SCI–2004–3222 on February 3, 2004, on the ground that the issue in this complaint was being addressed in plaintiff's previous complaint no. SCI–2004–2576 and that plaintiff needed to "await that decision ." The custodian of the state's inmate complaints has no business record reflecting that plaintiff took an appeal from the rejection of complaint no. SCI–2004–3222.

With respect to complaint no. SCI–2004–2576, on February 16, 2004, the inmate complaint examiner recommended dismissal of the complaint, after concluding that "there is no basis or foundation for [plaintiff's] claim that there were procedural errors made in his hearing. All facts showed that proper procedures were indeed followed by the hearing officer and advocate."

In a three-page document dated February 17, 2004, plaintiff appealed complaint no. SCI–2004–2576 to the Corrections Complaint Examiner. In this appeal, plaintiff outlined a number of objections to the inmate complaint examiner's decision. In a paragraph titled, "Hearing Officer," plaintiff complained that the hearing officer, Captain Alsum, was not an impartial decisionmaker. In a paragraph titled, "Hearing Officer Bias," plaintiff complained that hearing officer Alsum was retaliating against him because of an earlier complaint plaintiff made about him. In a paragraph titled "Bias of Person Issuing Conduct Report (Clark)," plaintiff complained that the conduct report "does not reflect what took place during the interview on 11–4–03," that plaintiff did tell Clark about "the threat by Capt. Alsum," and that "everything was false." In a fourth paragraph titled, "Staff Advocate," plaintiff reiterated his complaint that he was prejudiced by the last-minute switch in advocates. In another paragraph titled, "Disciplinary Report Does not State Evidence Relied on or Reasons for Action Taken," plaintiff complained about the hearing officer's failure to satisfy these procedural requirements. Finally, in a paragraph titled "Superintendent Clark and the Hearing Officer Failed to Follow 309.155(2) or Administrative Directive 11.6," plaintiff complained that if he was going to be given a conduct report for lying about staff, then his complaint should have been processed in accordance with DOC § 309.155(2) and Administrative Directive 11.6,

which respectively insure that inmates seeking judicial or administrative relief will not suffer adversely with respect to their program assignments, security classification or institution assignment, and details the procedures to follow when inmate complain of staff misconduct. Specifically, plaintiff states

> *3 Superintendent Clark ... can not refuse to accept evidence from me and take action against me because I wanted to make a complaint against [him]. As told to Mr. Clark, the officers can't deny me access to the complaint procedure and administrative code and then punish me for trying to get my issues addressed. If I am going to receive a conduct report for lying about staff, then my complaint should have been processed in accordance to administrative directive 11.6 and I be allowed to pursue my complaint first. I have a First Amendment right to communicate my concerns to the Warden.

These actions were taken against me were retaliatory in that I was only punished because I chose to exercise my first amendment right to make a complaint.

On February 24, 2004, the Corrections Complaint Examiner responded to plaintiff's appeal in complaint no. SCI–2004–2576. The Corrections Complaint Examiner did not agree with the inmate complaint examiner that plaintiff was afforded his "due process rights" and instead found inadequate the reason the disciplinary hearing officer had given for the finding of plaintiff's guilt. The Corrections Complaint Examiner explained that "There must be an explanation of how the committee or hearing officer arrived at a finding of guilty for each violation charged....There also must be some statement made as to the credibility of the accused, the statement in the conduct report ... or other testimony." The Corrections Complaint Examiner did not recognize or address plaintiff's closing remark concerning retaliation. The Office of the Secretary affirmed the decision of the Corrections Complaint Examiner on February 28, 2004.

## OPINION

### A. *The Exhaustion Requirement*

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The term "prison conditions" is defined in 18 U.S.C. § 3626(g)(2) as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison." The Court of Appeals for the Seventh Circuit has held that "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits." *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 535 (7th Cir.1999); see also *Massey v. Helman,* 196 F.3d 727 (7th Cir.1999).

### B. *Inmate Complaint Review System*

Under Wis. Admin. Code DOC ch. 310, prisoners start the complaint process by filing an inmate complaint with the *institution* complaint examiner. They may appeal adverse decisions to either the appropriate reviewing authority for "rejected" complaints, Wis. Admin. Code § DOC 310.11(6), or to a *corrections* complaint examiner for other complaints. Wis. Admin. Code § DOC 310.13. According to the code, a complaint may be rejected for various reasons: the inmate does not raise a significant issue; the inmate does not allege sufficient facts; the complaint is untimely; the issue raised in the complaint does not affect the inmate personally; the issue is moot; the complaint was filed solely for harassment purposes; the issue has been addressed previously; or the issue is not within the scope of the Inmate Complaint Review System. Wis. Admin. Code § 310.11(5). Rejected complaints cannot be appealed to a corrections complaint examiner. Instead, the inmate may appeal to the appropriate reviewing authority, who can review only the reason for the rejection of the complaint, not the merits of the complaint. Wis. Admin. Code § DOC 310.11(6).

*4 If the inmate appeals a complaint decided on its merits to a corrections complaint examiner and receives an adverse decision, the inmate may appeal to the Secretary, Department of Corrections. Wis. Admin. Code § DOC 310.14. The secretary must decide the appeal within 45 working days of the acknowledgment of receipt. If he

does not and if he does not extend the time for doing so, the inmate can consider his complaint dismissed and his administrative remedies exhausted. Wis. Admin. Code § DOC 310.14(3).

### C. *Retaliation Claim*

In considering what facts or pleadings an inmate's administrative complaint should contain, the court must look to the appropriate administrative system requirements, Wis. Admin. Code Chapter DOC 310. *Strong v. David,* 297 F.3d 646, 649 (7th Cir.2002). When the administrative requirements are silent, as in the Wisconsin Administrative Code, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650. Plaintiff need not articulate specific legal theories or particular remedies but need only make known an objection to some problem or wrongdoing. *Id.*

The facts reveal that when plaintiff filed inmate complaint no. SCI–2004–3222, he wrote at the start that his complaint was a complaint "regarding errors that happened during the disciplinary hearing as mandated by DOC 303.76(7) and 310.08(3)." It is not surprising that this complaint was rejected as duplicative of plaintiff's complaint no. SCI–2004–2576, which also was framed by plaintiff as "an appeal with regard to procedural errors as directed by 310.08(3) and 303.76(7)(d) Wis. Admin. Code Sec. DOC."

Plaintiff argues that complaint no. SCI–2004–3222 was intended to be a complaint about Clark's alleged retaliatory act of issuing him a conduct report, but nothing in the record supports this argument. Even if I were to be persuaded that complaint no. SCI–2004–3222 could be read to raise a retaliation claim against defendant Clark, it is the inmate complaint examiner and not this court that must have understood the claim to exist. That the inmate complaint examiner read plaintiff's complaint as merely duplicating complaint no. SCI–2004–2576 suggests that plaintiff's claim of retaliation was not sufficiently clear to alert prison officials that his grievance was about defendant Clark's allegedly improper motive for issuing him a conduct report and not something else.

In any event, the time for plaintiff to argue that the inmate complaint examiner misidentified the issue raised in SCI–2004–3222 was in an appeal of the rejection to the appropriate reviewing authority. Defendant alleges that plaintiff did not appeal the rejection of SCI–2004–3222. Plaintiff says that defendant is mistaken. He asserts that when he filed his complaint in this court, he attached a copy of a document marked "Exhibit 10," which is a copy of his appeal to the appropriate reviewing authority (the warden of the Stanley Correctional Institution) dated February 4, 2004. As I noted earlier, because this document is not authenticated, it is not admissible for the purpose of deciding defendant's motion. Nevertheless, even if it were admissible, I could not agree with plaintiff that the document is sufficient to show that he exhausted his administrative remedies on the retaliation claim. The purported appeal of plaintiff's rejected complaint no. SCI–2004–3222 reads as follows:

*5 Because my complaint is partly about my disciplinary hearing, it should have never been rejected.

I have been writing complaints for separate issues. Wis. Admin. Code 310.09(1)(c) directs me to present one issue per complaint. My issues have not been previously addressed, and my complaints should not be treated collectively.

Nowhere in this appeal does plaintiff identify what new or different issue he was attempting to present in complaint no. SCI–2004–3222. He makes no mention of defendant Clark and he makes no reference to retaliation. His failure to make it clear to the reviewing authority that complaint no. SCI–2004–3222 was intended to challenge defendant Clark's motive for issuing him a conduct report, if this is what his complaint was about, dooms his argument that he presented his retaliation claim in a manner sufficient to "alert the prison to the nature of the wrong for which he was seeking redress." *Strong v. David,* 297 F.3d at 650.

With respect to complaint no. SCI–2004–2576, plaintiff filed an appeal to the Corrections Complaint Examiner on February 17, 2004, in which he challenged the inmate complaint examiner's recommendation on six grounds. Plaintiff does not argue, and I do not find, that his passing reference to retaliation at the close of this appeal satisfied his obligation to exhaust his administrative remedies. The exhaustion procedures require plaintiff to raise his claim initially in an inmate complaint and receive a decision on that complaint. Plaintiff did not do this. Neither the inmate complaint examiner nor the corrections complaint examiner identified or addressed a claim in either of

plaintiff's inmate complaints that defendant Clark issued plaintiff a conduct report in retaliation for his having exercised his First Amendment rights. Because plaintiff did not describe his retaliation claim against defendant Clark with sufficient clarity to alert the inmate complaint examiner of the claim, I conclude that plaintiff failed to exhaust his administrative remedies. Therefore, this case must be dismissed without prejudice.

## ORDER

IT IS ORDERED that

1) Defendant's motion to dismiss this case for plaintiff's failure to exhaust his claim that defendant Clark issued him a conduct report on November 4, 2003, in retaliation for plaintiff's having written a letter complaining about prison conditions, is GRANTED; and

2) This case is DISMISSED without prejudice.

**All Citations**

Not Reported in F.Supp.2d, 2004 WL 2504211

End of Document                                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.