IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANIEL SCHILLINGER,

        Plaintiff,

v.

C.O. KILEY, C.O. STARKEY, et al.,

        Defendants.

OPINION and ORDER

Case No. 16-cv-529-wmc

*Pro se* plaintiff Daniel Schillinger is proceeding on Eighth Amendment claims against prison staff at the Wisconsin Secure Program Facility ("WSPF") for their alleged failure to protect him from assault by another inmate. Currently before the court is defendants' motion for summary judgment on the ground that Schillinger failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Dkt. #31.) Plaintiff has also filed a motion to compel (dkt. #41) and a motion for assistance in recruiting counsel (dkt. #23). Because Schillnger did not exhaust his administrative remedies, defendants' motion must be granted. Accordingly, plaintiff's motions must also be denied, and this case will be dismissed without prejudice to refiling after exhaustion.

I. **Exhaustion of administrative remedies**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022,

1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), that are "in the place . . . at the time, [as] the [jail's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust state administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The complaint must "[c]ontain only one issue per complaint, and shall clearly identify the issue." *Id.* § 310.09(e). If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. *Id.* § 310.11(6). If the complaint is not rejected, the institution examiner makes a recommendation on the complaint to the reviewing authority. *Id.* § 310.11(6). The

2

offender complaint is then decided by the appropriate reviewing authority whose decision can be appealed by the inmate to the correctional complaint examiner (corrections examiner). *Id.* §§ 310.12, 310.13. The corrections examiner then makes a recommendation to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.13, 310.14.

II. Schillinger's Failure to Exhaust Claims at Issue

In this lawsuit, the court granted Schillinger leave to proceed against correctional officers Starkey, Kiley and Matti for their alleged failure to protect him from an inmate assault that took place on September 17, 2015. Specifically, the court explained that plaintiff's allegations permitted an inference that officers Starkey and Kiley knew that another inmate had threatened Schillinger prior to the assault, but they did not do anything beyond mentioning to officer Matti that a fight might occur. (Dkt. #14, at 3.)

Schillinger filed a grievance about that incident on September 27, 2015, WSPF-2015-18033. In the complaint, Schillinger stated that he was badly beaten on September 17, 2015, and "was wondering why there was no correctional officers on the range at the time of the incident." (Dkt. #33-2, at 11.) He did not name officers Starkey, Kiley or Matti, or include any allegations suggesting that any WSPF staff knew in advance that he could be attacked that day.

On September 28, 2015, inmate complaint examiner ("ICE") Ellen Ray recommended dismissal of WSPF-2015-18033 because the incident was being investigated by the Grant County Sheriff and WSPF's security supervisors. (*Id.* at 2.) On September 29, 2015, Warden Gary Boughton affirmed Ray's recommendation and dismissed the

complaint. Schillinger appealed that dismissal, reiterating that he was attacked by an inmate and it "took so long for WSPF staff to respond that I was knocked unconscious." (*Id.* at 13.) Corrections Complaint Examiner Cindy O'Donnell dismissed Schillinger's appeal on March 21, 2016, for the same reason that Ray recommended dismissal.

The Court of Appeals for the Seventh Circuit has held that an institution's awareness of an incident, because a prisoner filed a grievance exhausted on one issue related to the incident, is not sufficient to exhaust all other issues related to the incident. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (plaintiff who filed grievances related to medical care following a rape was insufficient to exhaust a claim that the defendants failed to protect him from being raped). Defendants assert this is exactly the case here since Schillinger never challenged their alleged failure to protect in any administrative proceeding. In opposition, Schillinger does not claim that he exhausted his failure to protect claim. Instead, he argues the merits of his Eighth Amendment claim that staff at WSPF should "have recognized a need to protect the plaintiff." However, this is not enough. Schillinger's only inmate complaint about the September 17, 2015, incident lacked *any* allegation that the named defendants knew in advance that he might be subject to an inmate attack and failed to stop it from happening. Nor does Schillinger argue that he was somehow prevented from raising that claim in his grievance.

While Schillinger's grievance may have provided WSPF staff the opportunity to investigate the delay between the attack and the staff's response generally, it did not notify WSPF that any WSPF staff had reason to know about the threat of an attack on Schillinger *before the attack occurred* and failed to prevent that attack. Accordingly, Schillinger failed to exhaust his Eighth Amendment failure to protect claim against defendants Starkey, Kiley

4

and Matti. As that is the only claim upon which Schillinger was allowed to proceed, the court must dismiss this lawsuit without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).[1]

## III. Plaintiff's Remaining Motions

Plaintiff's motions neither save his complaint from dismissal nor warrant the relief he requests. In his motion to compel (dkt. #41), plaintiff seeks responses to his document requests. However, the court stayed all discovery in this matter pending resolution of defendants' exhaustion motion. (Dkt. #21, at 8.) Since plaintiff's discovery requests relate to the merits of the now moot claim, that motion will be denied. Regardless, the court will deny Schillinger's motion for assistance in recruiting counsel (dkt. #23) for the same reason. Schillinger's only obligation at this stage was to respond to defendants' motion for summary judgment on exhaustion grounds, which he did. Since the issue of exhaustion was straightforward in this instance, appointment of counsel would not have changed this court's obligation to dismiss his claim for failure to exhaust.

ORDER

IT IS ORDERED that:

(1) Defendants' motion for summary judgment (dkt. #31) is GRANTED.

(2) Plaintiff's motion to compel (dkt. #41) and motion for assistance in recruiting counsel (dkt. #23) are DENIED as moot.

---

[1] Unfortunately, should Schillinger attempt to exhaust his grievances against the defendants now, they will likely be deemed as time barred. *See* § DOC 310.09(6).

(3) This case is DISMISSED without prejudice. The clerk of court is directed to enter judgment in defendant' favor and close this case.

Entered this 26th day of April, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge