| | |
|---|---|
| DEPARTMENT OF CORRECTIONS<br>Department of Adult Institutions<br>DOC-408 (Rev. 09/15) | WISCONSIN<br>Administrative Code<br>Chapter DOC 310 |

## OFFICE OF SECRETARY DECISION
## COMPLAINT NUMBER WSPF-2015-18033
### * * * ICRS CONFIDENTIAL * * *

**To:** SCHILLINGER, DANIEL A. - #135201
UNIT: _CR2 -- _207_L
WISCONSIN SECURE PROGRAM FACILITY
BOSCOBEL, WI

**Complaint Information:**

| | |
|---|---|
| Date Appeal Acknowledged: | 10/28/2015 |
| Date Appeal Received: | 10/12/2015 |
| Subject of Complaint: | 1 - Staff |
| Brief Summary: | States it took too long for staff to respond when he was assaulted |
| OOS Decision: | Dismissed |
| Decision Comments: | The following is the Secretary's decision on the Corrections Complaint Examiner's recommendation of 03/02/2016 in the above appeal:<br><br>The attached Corrections Complaint Examiner's recommendation to DISMISS this appeal is accepted as the decision of the Secretary. The matter was referred to outside law enforcement for investigation. No further action is warranted through the ICRS. |
| Decision Date: | 03/21/2016 |

*[signature]*

C. O'Donnell - Office of the Secretary

EXHIBIT 1

*MORE Then 45 days for the Appeal*

| | |
|---|---|
| DEPARTMENT OF CORRECTIONS | WISCONSIN |
| Department of Adult Institutions | Administrative Code |
| DOC-404 (Rev. 09/15) | Chapter DOC 310 |

# CCE REPORT
## COMPLAINT NUMBER WSPF-2015-18033
### * * * ICRS CONFIDENTIAL * * *

**To:** SCHILLINGER, DANIEL A. - #135201
UNIT: _CR2 -- _207_L
WISCONSIN SECURE PROGRAM FACILITY
BOSCOBEL, WI

**Complaint Information:**

| | |
|---|---|
| Date Appeal Acknowledged: | 10/28/2015 |
| Date Appeal Received: | 10/12/2015 |
| Subject of Complaint: | 1 - Staff |
| Brief Summary: | States it took too long for staff to respond when he was assaulted |
| Method of Disposition: | Review on Record? Yes    Investigation? No |
| Person(s) Contacted: | E-mail to Warden |
| Document(s) Relied Upon: | Original Complaint and appeal |
| CCE's Recommendation: | Dismissed |
| | The allegations raised in this complaint had already been brought to the attention of supervisory staff and were already under review, the ICE correctly assessed that there was no need for a parallel investigation in the ICRS. The allegations were addressed and reviewed in a manner similar to DAI Policy 310.00.01. Contact with the Warden at WSPF confirmed the aforementioned, and therefore no further action is required on appeal. Therefore, it is recommended this appeal be dismissed. |
| Recommendation Date: | 03/02/2016 |

*E. Davidson* (signature)

E. Davidson - Corrections Complaint Examiner

EXHIBIT 2

Scott Walker
Governor

Edward F. Wall
Secretary

Mailing Address

3099 E. Washington Ave.
Post Office Box 7925
Madison, WI 53707-7925
Telephone (608) 240-5000
Fax      (608) 240-3300



## State of Wisconsin
## Department of Corrections

December 2, 2015

SCHILLINGER, DANIEL A., DOC # 135201
WSPF

Subject: Complaint WSPF-2015-18033

This letter is to notify you that, pursuant to § DOC 310.14(1), Wis. Adm. Code, Deputy Secretary Morgan has extended the time for deciding this appeal for cause, effective 12/1/2015. The extension is necessary due to a backlog of Inmate Complaint Review System appeals resulting from a staffing shortage in this office.

Your administrative remedies will not be exhausted until the Deputy Secretary renders a decision on your appeal. You may expect an appeal decision within 90 days.

Thank you for your patience.

Sincerely,

*Karen Gourlie*

Karen Gourlie
Corrections Complaint Examiner Program Assistant

Copy: Deputy Secretary Morgan
CCE Welcome Rose and CCE Walter Fellows
Complaint File

**EXHIBIT 3**

EXHIBIT 1001 - 012

otherside copy

DEPARTMENT OF CORRECTIONS
Division of Adult Institutions
DOC-400 (Rev. 4/2015)

WISCONSIN
Administrative Code
Chapter DOC 303 32 & 310

## OFFENDER COMPLAINT

INSTRUCTIONS: SEE REVERSE SIDE

| OFFENDER NAME (if group complaint, enter name of spokesperson) | DOC NUMBER |
|---|---|
| Schillinger Daniel | 135201 |

| FACILITY NAME | OFFENDER HOUSING UNIT | CELL OR ROOM NUMBER |
|---|---|---|
| WSPF | Charlie 413 | 413 |

DATE OF INCIDENT OR DENIAL OF REQUEST: September 17, 2015

**TO BE COMPLETED BY ICE ONLY**
DOC COMPLAINT FILE NUMBER: WSPF-2015-18033
DATE COMPLAINT RECEIVED: SEP 28 2015
CODE NUMBER: 01

STATE YOUR COMPLAINT

ON SEPTEMBER 17,2015,RIGHT AFTER COURTYARD IN TH MORN.I WAS BEAT UP PRETTY BAD.I ENDED UP WITH MULTIPLE BRUISING,BRUISED LUNG, SKULL FRACTURE,BROKEN BONES IN THE FACE,4 CUTS 3 ON MY FOREHEAD AND ONE ON MY LEFT ELBOW*WQH WHICH ALL REQUIRED STITCHES.ALSO 2 CHIPPED TEETH.I WAS WONDERING WHY THERE WAS NO CORRECTIONAL OFFICER ON THE RANGE AT THE TIME OF THE INCIDENT.AND WHY IT TOOK SO LONG FOR THEM TO RESPOND TO MY AID.I WAS ALSO TOLD THIS FRIDAY SEPTEMBER 18,2015 IN THE MORN.AT THE HOSPITAL.BY A CORRECTIONAL OFFICER.HE STATED TO ME IT SURE TOOK THEM AWHILE TO RESPOND TBOYOU.(IF THEY WOULD OF RESPONDED RIGHT AWAY,I WOULDN"TBE IN THOS POSITION I"M IN NOW. THEY SAID IT WOULD TAKE AWHILE FOR MY INJURIES TO HEAL UP.

NAMES OF PEOPLE WHO HAVE INFORMATION ABOUT THIS COMPLAINT

SIGNATURE OF OFFENDER / SPOKESPERSON: Daniel Schillinger

DATE SIGNED: 9-27-15

DISTRIBUTION  Original – ICE will acknowledge your complaint within 5 working days of the date of receipt

**EXHIBIT 1001 - 011**

Published under s. 35.93, Wis. Stats., by the Legislative Reference Bureau.

77 DEPARTMENT OF CORRECTIONS DOC 310.16

**DOC 310.11 Processing complaints at the institution level.** (1) ICE staff shall collect all complaints.

(2) The ICE shall assign each complaint a file number, classification code, and date for purposes of identification. The ICE shall review and acknowledge each complaint in writing within 5 working days after the date of receipt by the ICE.

(3) The ICE shall use discretion in deciding the method best suited to determine the facts, including personal interviews, telephone calls, and document review, except that the processing of complaints under s. DOC 310.08 (3) shall be limited to review of the record. The ICE shall give priority to complaints dealing with health or personal safety.

(4) The ICE shall direct complaint recommendations to the appropriate reviewing authority.

(5) The ICE may reject a complaint for the following reasons:

(a) The inmate submitted the complaint solely for the purpose of harassing or causing malicious injury to one or more of the department's employees, agents, independent contractors, or any other person.

(b) The inmate does not raise a significant issue regarding rules, living conditions, or staff actions affecting institution environment.

(c) The inmate does not allege sufficient facts upon which redress may be made.

(d) The inmate submitted the complaint beyond 14 calendar days from the date of the occurrence giving rise to the complaint and provides no good cause for the ICE to extend the time limits.

(e) The issue raised in the complaint does not personally affect the inmate.

(f) The issue is moot.

(g) The issue has already been addressed through the inmate's prior use of the ICRS.

(h) The issue raised is not within the scope of the ICRS as defined in s. DOC 310.08.

(6) An inmate may appeal a rejected complaint within 10 calendar days only to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint. The reviewing authority's decision is final.

(7) If an ICE determines that the procedure under this chapter would subject the inmate to substantial risk of personal injury or cause other serious and irreparable harm, the ICE shall refer the complaint to the appropriate reviewing authority.

(8) Staff shall respond in writing, if requested, to an inquiry by an ICE investigating a complaint.

(9) If an inmate is transferred after an incident but before filing a complaint, the inmate shall file the complaint at the currently assigned institution. The ICE shall forward the complaint to the ICE at the appropriate institution for investigation and decision.

(10) The ICE shall note the persons interviewed and the documents used as a basis for the decision.

(11) The ICE shall either reject the complaint or send a recommendation to the appropriate reviewing authority within 20 working days from the date of acknowledgment.

History: CR 02–038: cr. Register November 2002 No. 563, eff. 12–1–02.

**DOC 310.12 Appropriate reviewing authority decision.** (1) The appropriate reviewing authority shall make a decision within 10 working days following receipt of the recommendation.

(2) The appropriate reviewing authority shall do one of the following:

(a) Dismiss the complaint.

(b) Dismiss the complaint with modifications.

(c) Affirm the complaint.

(d) Affirm the complaint with modifications.

(e) Return the complaint to the ICE for further investigation.

(3) If the complainant does not receive the decision within 30 working days after the ICE acknowledges receipt of the complaint under s. DOC 310.11 (2), the complainant may appeal to the CCE.

History: CR 02–038: cr. Register November 2002 No. 563, eff. 12–1–02.

**DOC 310.13 Review by corrections complaint examiner.** (1) A complainant dissatisfied with a reviewing authority decision may, within 10 calendar days after the date of the decision, appeal that decision by filing a written request for review with the corrections complaint examiner on forms supplied for that purpose. The institution shall make these forms accessible to inmates.

(2) Upon good cause, the CCE may accept for review an appeal filed later than 10 calendar days after receipt of the decision.

(3) The CCE shall not review a rejected complaint.

(4) The CCE shall, within 5 working days after receiving an appeal, issue a written receipt of the appeal to the inmate.

(5) The CCE shall use discretion in deciding the method best suited to determine the facts, including personal interviews, telephone calls, and document review. The CCE shall have full access to inmates, staff, physical plant, and department records. If an appeal necessitates resolution of disputed issues of fact, the CCE may require sworn statements from the principals. The CCE shall give priority to complaints dealing with health or personal safety.

(6) The CCE shall recommend a decision to the secretary within 35 working days of receipt of the appeal.

History: CR 02–038: cr. Register November 2002 No. 563, eff. 12–1–02.

**DOC 310.14 Secretary's decision.** (1) The secretary shall make a decision within 10 working days following receipt of the CCE's recommendation. The secretary may extend the time for making a decision for cause and upon notice to the inmate.

(2) The secretary shall do one of the following:

(a) Accept the recommendation of the CCE and adopt it as the decision.

(b) Adopt the recommendation of the CCE with modifications.

(c) Reject the recommendation of the CCE and make a decision.

(d) Return the appeal to the CCE for further investigation.

(3) If the inmate does not receive the secretary's written decision within 45 working days of the CCE's acknowledgement of receipt of the appeal, the inmate shall consider the administrative remedies to be exhausted, unless the time has been extended under sub. (1).

History: CR 02–038: cr. Register November 2002 No. 563, eff. 12–1–02.

**DOC 310.15 Implementation of affirmed complaint.** (1) The department shall implement an affirmed decision within 30 working days from the date of decision.

(2) If an affirmed complaint has not been implemented within 30 working days, the complainant may directly inform the decision-maker in writing of the failure to implement the decision.

History: CR 02–038: cr. Register November 2002 No. 563, eff. 12–1–02.

**DOC 310.16 Confidentiality.** (1) Except as otherwise provided in this section, the department shall ensure that complaints filed with the inmate complaint review system are confidential. Persons working in the ICRS may reveal the identity of complainants and the nature of the complaint only to the extent necessary to investigate the complaint, implement the remedy, or in response to litigation.

(2) The appropriate reviewing authority may waive confidentiality of a complaint if the security, safety, or health of the institution or any person is involved.

Published under s. 35.93, Stats. Updated on the first day of each month. Entire code is always current. The Register date on each page is the date the chapter was last published.

Register December 2014 No. 708

EXHIBIT 4

000023

Published under s. 35.93, Wis. Stats., by the Legislative Reference Bureau.

**DOC 310.16** WISCONSIN ADMINISTRATIVE CODE 78

**(3)** A copy of ICRS documents may not be filed in any case file, nor may any notations regarding a complaint be made in those files, except pursuant to s. DOC 310.16 (1) and (2).

**(4)** A breach of confidentiality in the process may itself be the subject of a complaint. This type of complaint shall be filed directly with the CCE.

**(5)** An inmate waives confidentiality by making known any aspect of a complaint to persons outside the ICRS.

**(6)** The department may not subject an inmate to reprisal for using or participating in the ICRS. An inmate shall be entitled to pursue, through the ICRS, a complaint that a reprisal has occurred.

**History:** CR 02–038: cr. Register November 2002 No. 563, eff. 12–1–02.

**DOC 310.17 Records. (1)** The department shall maintain statistics showing the number, type and disposition of complaints.

**(2)** The department shall keep all records related to an inmate complaint according to its policies and procedures.

**History:** CR 02–038: cr. Register November 2002 No. 563, eff. 12–1–02.

**DOC 310.18 Suspension of provisions of this chapter.** The secretary may suspend any provisions of this chapter in an emergency. The secretary may apply the suspension to one or more institutions.

**History:** CR 02–038: cr. Register November 2002 No. 563, eff. 12–1–02.

Register December 2014 No. 708

*Published under s. 35.93, Stats. Updated on the first day of each month. Entire code is always current. The Register date on each page is the date the chapter was last published.*

000024

action complained of. The statutory requirement of an available remedy presupposes authority to take some action in response to a complaint. Thus, if the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint, then a prisoner is left with nothing to exhaust and the Prison Litigation Reform Act, 42 U.S.C.S. § 1997e, does not prevent the prisoner from bringing his or her claim directly to the district court. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (12)　 1　◆ 3

Administrative Law > 📄 Judicial Review ▼ > Reviewability ▼ > Exhaustion of Remedies ▼
Civil Rights Law > ... > Prisoner Rights ▼ > Prison Litigation Reform Act ▼ > Exhaustion of Administrative Remedies ▼
Evidence > ... > Scientific Evidence ▼ > Bodily Evidence ▼ > DNA ▼
View more legal topics

**HN5⬇  Reviewability, Exhaustion of Remedies**
In the context of exhaustion under the Prison Litigation Reform Act, 42 U.S.C.S. § 1997e, the U.S. Bureau of Prisons (BOP) has no discretion not to collect a qualifying inmate's DNA, as the mandatory language of the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C.S. §§ 14135-14135e, indicates. 42 U.S.C.S. § 14135a(a)(1)(B) provides that the Director of BOP shall collect a DNA sample from each individual in BOP custody who has been convicted of a qualifying offense, and 42 U.S.C.S. § 14135a(b) provides that the Director of BOP shall furnish each DNA sample collected to the Federal Bureau of Investigation, who shall carry out a DNA analysis. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (7)　◆ 2

Administrative Law > 📄 Judicial Review ▼ > Reviewability ▼ > Exhaustion of Remedies ▼
Civil Procedure > ... > Defenses, Demurrers & Objections ▼ > Affirmative Defenses ▼ > General Overview ▼
Civil Rights Law > ... > Prisoner Rights ▼ > Prison Litigation Reform Act ▼ > Exhaustion of Administrative Remedies ▼

**HN6⬇  Reviewability, Exhaustion of Remedies**
Failure to exhaust is an affirmative defense under the Prison Litigation Reform Act, 42 U.S.C.S. § 1997e. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (1)

Administrative Law > 📄 Judicial Review ▼ > Reviewability ▼ > Exhaustion of Remedies ▼
Civil Rights Law > ... > Prisoner Rights ▼ > Prison Litigation Reform Act ▼ > Exhaustion of Administrative Remedies ▼

**HN7⬇  Reviewability, Exhaustion of Remedies**
Requiring an inmate to exhaust an administrative grievance process that cannot address the subject of his or her complaint would serve none of the purposes of exhaustion of administrative remedies. When the U.S. Bureau of Prisons cannot take any action at all in response to a complaint, it has nothing to offer that could possibly satisfy the prisoner and obviate the need for litigation. Requiring exhaustion when no relief is available is more likely to inflame than to mollify passions, and thus is unlikely to filter out some frivolous claims, and prison administrators are unlikely to spend resources developing an administrative record when that process cannot possibly lead to relief, nor would there be much record to develop when the prisoner is challenging the enforceability of a statute rather than the prison's method of enforcement. Finally, requiring exhaustion in those circumstances is not necessary for protection of administrative agency authority from judicial interference, because no administrative program or mistake is at issue, nor can an administrative solution resolve the complaint. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (4)　 1　◆ 1

Civil Procedure > Appeals ▼ > Standards of Review ▼ > De Novo Review ▼
View more legal topics

**HN8⬇  Standards of Review, De Novo Review**
An appellate court considers the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6) de novo; therefore, it may independently assess the complaint and need not remand at the appellate stage for the district court to evaluate its sufficiency in the first instance. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (3)

Civil Procedure > ... > Defenses, Demurrers & Objections ▼ > Motions to Dismiss ▼ > Failure to State Claim ▼
View more legal topics

**HN9⬇  Motions to Dismiss, Failure to State Claim**
Dismissal of an inmate's pro se complaint is proper only if, after construing the complaint liberally in the inmate's favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, he could prove no set of facts in support of his claim that would entitle him to relief. Even given the special liberality with which a court considers pro se complaints, it need not accept inferences unsupported by the facts alleged in the complaint or legal conclusions cast in the form of factual allegations. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (18)　◆ 2

Constitutional Law > ... > Fundamental Freedoms ▼ > Freedom of Religion ▼ > Free Exercise of Religion ▼

**HN10⬇  Freedom of Religion, Free Exercise of Religion**
The right of free exercise protected by the First Amendment does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes or prescribes conduct that his religion prescribes or proscribes.
🔍 More like this Headnote

EXHIBIT 5

Civil Procedure > ... > Discovery ▾ > Methods of Discovery ▾ > General Overview ▾
View more legal topics

**HN2**  **Discovery, Methods of Discovery**
Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (346)  ◆ 7

Civil Procedure > ... > Summary Judgment ▾ > Opposing Materials ▾ > General Overview ▾
View more legal topics

**HN3**  **Summary Judgment, Opposing Materials**
The moving party in a summary judgment bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support a plaintiff's position in a motion for summary judgment is insufficient; there must be evidence on which a jury could reasonably find for the plaintiff. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (940)  ◆ 90

Civil Rights Law > Protection of Rights ▾ > Prisoner Rights ▾ > General Overview ▾
Constitutional Law > ... > Fundamental Rights ▾ > Procedural Due Process ▾ > Scope of Protection ▾

**HN4**  **Protection of Rights, Prisoner Rights**
The negligent deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong, and this doctrine has been extended to cover intentional deprivations of property. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (38)  ◆ 9

Civil Rights Law > ... > Section 1983 Actions ▾ > Elements ▾ > Protected Rights ▾
View more legal topics

**HN5**  **Elements, Protected Rights**
In an action under 42 U.S.C.S. § 1983 claiming the deprivation of a property or liberty interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (74)  ◆ 11

Civil Rights Law > Protection of Rights ▾ > Section 1983 Actions ▾ > Scope ▾
Constitutional Law > ... > Fundamental Rights ▾ > Procedural Due Process ▾ > Scope of Protection ▾

**HN6**  **Protection of Rights, Section 1983 Actions**
The Parratt doctrine permits dismissal of procedural due process claims brought under 42 U.S.C.S. § 1983 based on the fact that the state provides the claimant an adequate postdeprivation remedy if: 1) the deprivation was unpredictable or random; 2) predeprivation process was impossible or impracticable; and 3) the state actor was not authorized to take the action that deprived the plaintiff of property or liberty. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (65)  ◆ 21

Administrative Law > Judicial Review ▾ > Reviewability ▾ > Exhaustion of Remedies ▾
Constitutional Law > ... > Fundamental Rights ▾ > Procedural Due Process ▾ > General Overview ▾
Criminal Law & Procedure > ... > Stolen Property ▾ > Receiving Stolen Property ▾ > Elements ▾
View more legal topics

**HN7**  **Reviewability, Exhaustion of Remedies**
Although a state prisoner is not required to exhaust administrative remedies before bringing an action under 42 U.S.C.S. § 1983 for constitutional claims other than an alleged due process violation, it should be recognized that redress for most prisoner actions, including alleged constitutional violations, is available under the extensive process provided by Michigan state law. Michigan provides several adequate post-deprivation remedies, including Mich. Ct. R. 3.105 that allows an action for claim and deliver, Mich. Comp. Laws § 600.2920 that provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained, and § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. 🔍 More like this Headnote

*Shepardize* - Narrow by this Headnote (261)  ◆ 93

Civil Rights Law > Protection of Rights ▾ > Prisoner Rights ▾ > Discrimination ▾
Constitutional Law > Equal Protection ▾ > Nature & Scope of Protection ▾
Criminal Law & Procedure > Postconviction Proceedings ▾ > Imprisonment ▾
View more legal topics

EXHIBIT 6