IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL SCHILLINGER,

        Plaintiff,

v.

C.O. KILEY, C.O. STARKEY, et al.,

        Defendants.

OPINION and ORDER

Case No. 16-cv-529-wmc

---

*Pro se* plaintiff Daniel Schillinger was granted leave to proceed on Eighth Amendment claims against prison staff at the Wisconsin Secure Program Facility ("WSPF") for their alleged failure to protect him from an assault by another inmate. However, on April 26, 2018, the court granted defendants' motion for summary judgment on the ground that Schillinger failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Dkt. #53.) Plaintiff filed a timely motion for reconsideration (dkt. #55), which, for the reasons that briefly follow, will be denied.

To prevail on a Rule 59(e) motion to amend judgment, a party must "demonstrate a manifest error of law or present newly discovered evidence." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011). The court granted defendants' motion because, while Schillinger filed a grievance related to the assault, he complained *only* about the fact that there was a delay between when he was assaulted and when staff responded. Schillinger did not name either of the defendants in his grievance, nor did he complain that anyone at WSPF knew that he might be attacked and failed to take steps to prevent it. Now, in

his motion for reconsideration, Schillinger argues that the inmate complaint system is a conspiracy to prevent inmates from exhausting their administrative remedies, and regardless, that he submitted a claim to the Wisconsin Department of Justice regarding the injury. Neither argument support reconsideration. First, Schillinger's complaint about the inmate complaint system lacks grounding in evidence and will be rejected without further discussion.

As to Schillinger's communication with the DOJ, Schillinger does not provide any details about the notice, such as when he submitted the claim or whether he received any response from the DOJ. Yet even assuming that Schillinger had sent the DOJ a notice outlining the claim he later brought in this lawsuit, that notice does not serve as a substitute for him filing a grievance with WSPF staff. Indeed, exhaustion requires prisoners to follow the Wisconsin Department of Corrections' grievance procedures to give prison officials an adequate opportunity to address prisoner complains before the prisoner may pursue a federal lawsuit. *Woodford v. Ng*o, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). Schillinger's purported notice of claim did not follow those procedures, much less give WSPF staff a chance to address his claim that the defendants knew that he had been threatened before the assault occurred and failed to protect him. In sum, Schillinger is not entitled to reconsideration and his motion will be denied.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration (dkt. #55) is DENIED.

Entered this 30th day of May, 2018.

        BY THE COURT:

        /s/

        WILLIAM M. CONLEY
        District Judge